PAUL MILLMAN, Respondent, *v.* JAMES F. DREW, Appellant.

First Department, June 8, 1928.

**Libel and slander — publication — evidence does not show publication of alleged libelous letter — error to permit plaintiff to testify as expert relating to typewriting.**

Plaintiff sues to recover damages based on an alleged libelous letter written by the defendant to plaintiff's employer. The judgment in favor of the plaintiff is reversed, since there is no evidence of a publication of the letter. The defendant denied writing the letter or mailing it, and the only evidence of publication is that given by the plaintiff which was to the effect that the acting president of his employer called the plaintiff into his office and told him that he had a letter from the defendant, but the plaintiff did not testify that the letter referred to was the letter sued on, nor was the acting president called as a witness.

It was error to permit the plaintiff to testify that he recognized the typewriting of the letter, for he was not qualified by experience or familiarity with the facts to express an expert opinion.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 12th day of July, 1927, and also from an order entered in said clerk's office on the 7th day of June, 1927, with notice of intention to bring up for review an order entered in said clerk's office on the 19th day of May, 1925.

*Arthur N. Seiff* of counsel [*Edward Carey Cohen* with him on the brief], for the appellant.

*Meyer Kraushaar* of counsel [*Celler & Kraushaar*, attorneys], for the respondent.

McAVOY, J. Plaintiff recovered a judgment at Trial Term of $1,000 in a libel suit.

The cause of action was on an alleged libelous letter which plaintiff asserts defendant wrote and thereafter mailed to plaintiff's employer, the Regal Supply Corporation, and caused the publication thereof by said letter being received and opened by one Charles,

general manager of the Regal Supply Corporation, and read by Morgan J. Wake, president of the Regal Supply Corporation. The letter appears in the complaint and contains statements which advert to plaintiff's conduct in a manner calculated to cause him to be held as dishonest and unfair in his dealings.

With the appeal from the judgment there is brought up for review an order denying defendant's motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint as not stating facts sufficient to constitute a cause of action. Appellant in his brief and on the oral argument did not question the sufficiency of the complaint, and it is enough to say that in our opinion the motion referred to was correctly determined.

Plaintiff says that the statements in the letter are not true and were made with malice and were intended to cause his discharge from his employment. Plaintiff states as to the damage that he " almost lost his position and has suffered and will continue to suffer great pain, anguish and distress."

The defendant denies that he wrote the letter, signed the letter or caused it to be delivered. This was the issue and, therefore, issuance and publication were essential elements of proof.

We find that the judgment must be reversed because there was a total failure of competent evidence that the libelous letter was published to any one and there was thus a lack of basis for the verdict.

The learned trial court also committed error in allowing the plaintiff to testify that he recognized the typewriting of the letter as he was not qualified by experience or familiarity with the facts to express a conclusion or opinion thereof.

The only evidence of publication was that plaintiff said that Mr. Wait, the acting president of the Regal Supply Corporation, called him in and said he had a letter from the defendant Drew which was not identified as the libelous letter and the aforesaid president was not called to testify as to its receipt or its content. There was thus no proof of publication.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event. The order denying the motion to dismiss the complaint should be affirmed.

DOWLING, P. J., FINCH, MARTIN and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. The order denying motion to dismiss the complaint affirmed.